UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUL 9 2024 AM 11:50
FILED - USDC - FLMD - TPA

UNITED STATES OF AMERICA

v.

ROBERT BOUTON MCDOUGAL,
a/k/a "McDougal Bugle"

CASE NO. 8:24-cr-312-VMC-SPF
18 U.S.C. § 2261A(2)(A)
(Stalking)
18 U.S.C. § 875(c)
(Threat to Injure)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Stalking)

Beginning at least as early as in or around July 2020, and continuing through on or about May 2, 2024, in the Middle District of Florida, and elsewhere, the defendant,

ROBERT BOUTON MCDOUGAL,

with the intent to harass and intimidate another person, did use an interactive computer service and electronic communication service, an electronic communication system of interstate commerce, and a facility of interstate and foreign commerce, to engage in a course of conduct that placed that person in reasonable fear of death or serious bodily injury to that person and immediate family members of that person, and that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person and immediate family members of that person, that

is, the defendant made phone calls, sent electronic messages and e-mails, and made public social media and blog posts threatening, harassing, and intimidating VICTIM 1 and VICTIM 1's immediate family members.

It is further alleged that the defendant committed the crime of stalking in violation of a protective order as defined in 18 U.S.C. § 2266(5), that is, a January 28, 2021, Stalking Injunction, issued in Pasco County, Florida, which prohibited the Defendant from contacting VICTIM 1 or threatening to do violence to VICTIM 1.

In violation of 18 U.S.C. §§ 2261A(2)(A) and (B), 2261(b)(5) and (6).

## COUNT TWO
(Threat to Injure)

On or about August 17, 2020, in the Middle District of Florida, and elsewhere, the defendant,

ROBERT BOUTON MCDOUGAL,

did knowingly transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, that is, a social media post threatening to "slaughter" coworkers of VICTIM 1, to "knife off the limbs of every" member of VICTIM 1's family, and to "decapitate" VICTIM 1's children, with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence.

In violation of 18 U.S.C. § 875(c).

2

## COUNT THREE
(Threat to Injure)

On or about October 14, 2023, in the Middle District of Florida, and elsewhere, the defendant,

ROBERT BOUTON MCDOUGAL,

did knowingly transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, that is, a social media post threatening to "skin VICTIM 1 alive" and to "hurt" the children of VICTIM 1, with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence.

In violation of 18 U.S.C. § 875(c).

## COUNT FOUR
(Threat to Injure)

On or about March 29, 2024, in the Middle District of Florida, and elsewhere, the defendant,

ROBERT BOUTON MCDOUGAL,

did knowingly transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, that is, a social media post threatening to kill VICTIM 1 and the family of VICTIM 1, with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence.

In violation of 18 U.S.C. § 875(c).

3

## **FORFEITURE**

1.  The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 875, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: *Karyna Valdes* (signature)
Karyna Valdes
Assistant United States Attorney

By: (signature)
Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section

5

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ROBERT BOUTON MCDOUGAL,
a/k/a "McDougal Bugle"

INDICTMENT

Violations: 18 U.S.C. § 2261A(2)(A)
18 U.S.C. § 875(c)

A true bill,

███████████████████████
Foreperson

Filed in open court this 9th day

of July 2024.

_____
Clerk

Bail $_____

GPO 863 525